Colby B. Springer (SBN 214868)
cspringer@polsinelli.com
Iqra Iqbal (SBN 353064)
iiqbal@polsinelli.com
POLSINELLI LLP
3 Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100


John J. Powell (*pro hac vice*)
jpowell@mmwr.com
Steven Pachman (*pro hac vice*)
spachman@mmwr.com
A. Spencer Osborne (*pro hac vice*)
sosborne@mmwr.com
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: (215) 772-7492

Attorneys for Plaintiff PTC Therapeutics, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PTC THERAPEUTICS, INC., a Delaware corporation, | Case No. 3:25-cv-04594-AMO |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISQUALIFY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| ACUREX BIOSCIENCES CORPORATION, a Delaware corporation, WILLIAM D. SHRADER, an individual, and SEAN A. PINTCHOVSKI, an individual, | **Hearing Date:** September 4, 2025<br>**Hearing Time:** 9:00 a.m.<br>**Judge:** Hon. Araceli Martínez-Olguín<br>**Courtroom:** 10 – 19th Floor |
| Defendants. | |

1

1

### NOTICE OF MOTION AND MOTION TO DISQUALIFY

2        **PLEASE TAKE NOTICE** that on September 4, 2025 at 9:00 a.m. or as soon thereafter

3   as this matter may be heard in the United States District Court for the Northern District of

4   California, located in the Phillip Burton Federal Building & United States Courthouse, 450

5   Golden Gate Avenue, San Francisco, California, 94102, Plaintiff PTC Therapeutics, Inc. ("PTC"

6   or "Plaintiff") will, and hereby does, move this Court, for an order disqualifying Gladys H.

7   Monroy as an expert witness, consultant, or advisor on behalf of Defendants AcureX Biosciences

8   Corporation ("AcureX"), William D. Shrader, and Sean A. Pintchovski (collectively,

9   "Defendants") in the instant action, and resulting ancillary relief, including the disqualification of

10  counsel. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

11  and Authorities in support thereof, the Declaration of Colby B. Springer (ECF No. 44-1), all

12  pleadings and papers on file in this action, and such other matters as the Court may consider.

13

### RELIEF SOUGHT

14        Plaintiff requests an order disqualifying Ms. Monroy from serving as an expert witness,

15  consultant, or advisor to Defendants in the present action. Plaintiff further requests the Court strike

16  her affidavit (ECF No. 34-1) from the record. Finally, and because of the ethical conflicts giving

17  rise to Ms. Monroy's disqualification, Plaintiff further requests the disqualification of Cotchett,

18  Pitre & McCarthy LLP, counsel of record for Defendants, because of their improper solicitation,

19  access to, and use of Plaintiff's confidential and attorney-client protected information.

20

21

22  Dated: August 19, 2025                          POLSINELLI LLP

23                                                  */s/ Colby B. Springer*

24                                                  Colby B. Springer (SBN 214868)
                                                    cspringer@polsinelli.com

25                                                  Iqra Iqbal (SBN 353064)
                                                    iiqbal@polsinelli.com

26                                                  3 Embarcadero Center, Suite 2400
                                                    San Francisco, CA 94111

27                                                  Telephone: (415) 248-2100

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONTGOMERY McCRACKEN
WALKER & RHOADS LLP

*/s/ A. Spencer Osborne*

John J. Powell (*pro hac vice*)
jpowell@mmwr.com
Steven Pachman (*pro hac vice*)
spachman@mmwr.com
A. Spencer Osborne (*pro hac vice*)
sosborne@mmwr.com
1735 Market Street
Philadelphia, PA 19103
Telephone: (215) 772-7492

*Attorneys for Plaintiff PTC Therapeutics, Inc.*

3

1

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

3

4

5

6

> Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions. [cite omitted] Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court.

7

8

9

10

11

12

13

*Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.,* 809 F. Supp. 1383, 1384 (N.D. Cal. 1992) (citing *Meinhard v. Salmon,* 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928)). "The standard of behavior for fiduciaries, articulated by Justice Cardozo (then Chief Judge), is the standard for the fiduciary relationship that exists between lawyer and client, and is the standard this Court upholds in [considering] plaintiff's motion to disqualify defendant's counsel." *Elan,* 809 F. Supp. at 1384 (Orrick, J.).

## I.     INTRODUCTION

14

15

16

17

18

19

20

21

22

23

Plaintiff PTC Therapeutics, Inc. ("PTC" or "Plaintiff") filed the present action against Defendants AcureX Biosciences Corporation ("AcureX"), William D. Shrader ("Dr. Shrader"), and Sean A. Pintchovski ("Dr. Pintchovski") (collectively, "Defendants") on May 30, 2025. ECF No. 2. Plaintiffs alleged misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). *Id.* at ¶¶ 89–111; 112–21. The trade secrets relate to at least PTC's proprietary compound library, assay systems, and therapeutic strategies acquired from a predecessor entity, BioElectron Technology Corporation ("BioElectron"), f/k/a Edison Pharmaceuticals, Inc. ("Edison") (collectively, "Edison/BioElectron").

24

25

26

27

28

On August 5, 2025, Defendants filed a Motion to Unseal Plaintiff's Complaint. ECF No. 33. Defendants attached an Affidavit of Gladys Monroy ("MONROY AFF.") in support thereof. ECF No. 34-1. Ms. Monroy's affidavit expresses her belief that she is "an expert in matters concerning life sciences [intellectual property]." *Id.* at ¶ 4. Ms. Monroy admits she was "IP counsel" for a decade for PTC's predecessor in interest, Edison/BioElectron. *Id.* at ¶ 5. Ms.

4

1    Monroy admits that she advised the company "on all their IP matters, including ***patent filings for***

2    ***compositions and methods that allegedly constitute trade secrets in this case***." *Id.* at ¶ 5

3    (emphasis added). Ms. Monroy further admits to "work[ing] with Dr. William Shrader . . . who

4    was the head of research and development at Edison/BioElectron" during her time as IP counsel.

5    *Id.* at ¶ 6. Ms. Monroy—by her own admission—acquired over a decades' worth of confidential

6    knowledge and information concerning Edison/BioElectron and PTC's trade secrets. *Id.* at ¶ 17

7    ("[b]ased on my training . . . my extensive experience . . . ***and having advised Edison/BioElectron***

8    ***with regards to their IP*** . . . .") (emphasis added).

9          Ms. Monroy now states—under the guise of "expert" testimony—that she reviewed the

10   materials PTC considers a trade secret. MONROY AFF. ¶¶ 4, 13, 16. Ms. Monroy states she

11   believes none of PTC's trade secrets are in fact secrets and therefore do not warrant sealing. *Id.*

12   at ¶ 17. Ms. Monroy takes a position directly adverse to her former client and opines that all of

13   PTC's trade secrets are part of the public record. *Id.* at ¶ 19, 20.

14         Ms. Monroy's involvement in the present action necessitates a breach of her

15   confidentiality obligations to her former client. Ms. Monroy admits to already having done so in

16   proffering her opinions. Those opinions are based upon her work with PTC's predecessor, her

17   reference to its research and her counsel as to the same, as well as direct engagement with its

18   former employees. The Court should enter an order precluding Ms. Monroy from such further

19   breach and harm, including from consulting with or otherwise advising Defendants' counsel.

20         Finally, Ms. Monroy's conflict and improper involvement should be imputed to Cotchett,

21   Pitre & McCarthy, LLP ("CPM"). CPM worked with Ms. Monroy to acquire her affidavit. CPM

22   either sought out Ms. Monroy's assistance given her prior relationship with PTC's predecessor or

23   willingly accepted that assistance when she offered the same. Neither course offers a viable

24   means for CPM to remain as counsel. They have been exposed to PTC's confidential and

25   attorney-client privileged information. That exposure cannot be undone.

26   **II.     RELEVANT FACTS**

27         From 2005 to 2015, Ms. Monroy served as outside intellectual property counsel to

28   Edison/BioElectron, advising the company "on all their IP matters, including patent filings for

compositions and methods that allegedly constitute trade secrets in this case."  MONROY AFF. at ¶ 5.  Ms. Monroy later "retired as BioElectron's IP counsel" (*id.* at ¶ 7) and went on to serve as "an IP advisor to Acurex" *Id.* at ¶ 12.  Ms. Monroy to this day "participate[s] in [AcureX's] research meetings." *Id.*

On May 30, 2025, PTC filed the present action and concurrently filed its Administrative Motion to File Under Seal Its Complaint.  ECF No. 1.  The redacted portions of PTC's sealed Complaint address proprietary information about research strategy, developmental history, further proprietary and confidential know-how, compound effects, related discoveries, and decisions to invest in further development.  ECF No. 2 at ¶¶ 35, 59-60, 78 (10:2-8; 16:24-17:3; 17:11-23; 23:5-11).  ***Every*** trade secret identified in Plaintiff's Complaint (and its Motion to File Under Seal) concerns assets acquired by PTC from Edison/BioElectron, *i.e.*, Ms. Monroy's former client.

On August 1, 2025, Ms. Monroy signed an affidavit in connection to the present action and which is Exhibit 1 to Defendants' "Motion to Unseal" Plaintiff's Complaint.  *See* ECF No. 33.  According to Defendants, Ms. Monroy's affidavit "verifies that the redacted information [in Plaintiff's Complaint] is publicly known."  ECF No. 33 at 3:24-25 (cleaned up).  Ms. Monroy states that she has "reviewed the materials that PTC publicly redacted and lodged under seal, which material PTC claims to be confidential as set forth in its Motion to Seal," MONROY AFF. at ¶ 13.  She opines that "all the materials filed under seal are either expressly disclosed in public sources or can be readily ascertained by persons skilled in the relevant art." *Id.* at 19.

In representing an investigational-stage pharmaceutical company, the role of outside IP counsel naturally involves the client's disclosure of significant confidential information to its lawyer.  By her own admission, Ms. Monroy's experience as Edison/BioElectron's IP counsel forms the basis for her ostensibly "expert" opinions expressed in her affidavit; her opinions thus rely (in whole or in part) on confidential information she learned in connection to that attorney-client relationship.  *See* MONROY AFF. ¶ 17 ("Based on my training in biochemistry and molecular chemistry, my extensive experience in the life sciences specifically related to these topics, ***and having advised Edison/BioElectron with regards to their IP***, it is my opinion that none of the redacted portions identified in the Motion to Seal contain confidential information that would warrant sealing.") (emphasis added).

1

2

### III.    ARGUMENT

#### A.    Ms. Monroy must be Disqualified from Serving as an Expert.

3

4

5

"Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d

6

1087, 1092 (N.D. Cal. 2004). "[D]isqualification may be appropriate [] when a party retains

7

expert witnesses who previously worked for an adversary and who acquired confidential

8

information during the course of their employment." *Space Systems/Loral v. Martin Marietta*

9

*Corp.*, 1995 WL 686369, at * 2 (N.D. Cal. Nov. 15, 1995). Courts generally disqualify an expert

10

based on a prior relationship with an adversary if "(1) the adversary had a confidential relationship

11

with the expert and (2) the adversary disclosed confidential information to the expert that is

relevant to the current litigation." *Hewlett-Packard*, 330 F. Supp. 2d at 1093.

12

13

Ms. Monroy was a decade-long attorney for PTC's predecessor in interest,

14

Edison/BioElectron. In that role, Ms. Monroy advised the company "on all their IP matters,

including patent filings for compositions and methods that allegedly constitute trade secrets in

15

this case." MONROY AFF. at ¶ 5. Ms. Monroy acquired substantial confidential knowledge and

16

information concerning PTC's trade secrets by virtue of her confidential relationship with PTC's

17

predecessor entity. Those trade secrets are relevant to the present action.

18

"[W]here the expert is a lawyer and the prior and subsequent representations are

19

substantially related, [courts] may presume that the expert possesses the prior client's confidential

20

information." *Plumley v. Doug Mockett & Co.*, No. CV 04-2868GHK(EX), 2008 WL 5382269,

21

at *4 (C.D. Cal. Dec. 22, 2008). *See also Brand v. 20th Century Ins. Co./21st Century Ins. Co.*,

22

124 Cal. App. 4th 594, 599 (2004) (attorney who had represented the defendant in matters

23

substantially related to the litigation at issue could not later act as an expert witness for the

24

plaintiff). Ms. Monroy's experience as Edison/BioElectron's legal and intellectual property

25

counsel—by her own admission—forms the basis for the opinions expressed in her affidavit.

26

Those opinions rely (in whole or in part) on confidential information she learned through her

27

attorney-client relationship with BioElectron. *See* MONROY AFF. at ¶ 17 ("Based on my training

28

in biochemistry and molecular chemistry, my extensive experience in the life sciences specifically

7

related to these topics, ***and having advised Edison/BioElectron with regards to their IP***, it is my opinion that none of the redacted portions identified in the Motion to Seal contain confidential information that would warrant sealing.") (emphasis added).  Ms. Monroy should therefore be disqualified.

### B.    Ms. Monroy's Review of the Unredacted Complaint was Improper.

Equally concerning is that Ms. Monroy was able to "review" the redacted portions of PTC's Complaint at all.  *See* MONROY AFF. ¶ 13 ("I have reviewed the materials that PTC publicly redacted and lodged under seal").  On June 11, 2025, PTC's counsel agreed to provide to Defendants' counsel a copy of the unredacted Complaint on the condition that the parties and their counsel would treat it as "CONFIDENTIAL" pursuant to this Court's Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.  *See* ECF No. 43-2 (email exchange).  Defendants' counsel agreed.  *Id.*  The Model Order (a copy of which was provided to Defendants' counsel) states that material designated as confidential may be produced only to: (a) AcureX's outside counsel of record and said counsel's employees; (b) AcureX's officers, directors, and employees (including House Counsel); (c) Experts (as defined by the Model Order); (d) the Court and its personnel; (e) litigation related vendors; (f) deponents; and (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.  *See* MODEL ORDER § 7.2

Ms. Monroy is not an "expert" as defined by Section 2.7 of the Model Order.  The Model Order defines an expert as "a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) ***is not a past or current employee of a Party or of a Party's competitor,*** and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor."  *Id.* (emphasis added).  Aside from Ms. Monroy's status as former counsel to Edison/BioElectron, Ms. Monroy is also a former AcureX employee, advisor, and/or consultant.[1]  She is not an "expert" to whom confidential material may be produced.

---

[1] *See* AcureX, Leadership (Dec. 4, 2022, 9:17 AM), https://web.archive.org/web/20221204091739/https://www.acurex.com/leadership (identifying Ms. Monroy as part of AcureX's "Leadership Team").

Nor would any other category of persons enumerated by the Model Order permit Defendants' counsel to provide Ms. Monroy with the unredacted Complaint. Ms. Monroy "retired as BioElectron's IP counsel in 2015." MONROY AFF. ¶ 7. Many of the trade secrets at issue in the present action were developed thereafter. *See e.g.* ECF No. 2 ¶ 62 (describing BioElectron research efforts from 2016 to 2018). Ms. Monroy cannot properly be considered "a custodian or other person who otherwise possessed or knew the information" under subsection (g) of the Model Order.

Ms. Monroy's affidavit is based upon her impermissible review of the unredacted Complaint. CPM provided that unredacted Complaint to her in contravention of the Model Order. Her affidavit should be stricken.

### C.    Ms. Monroy should be Precluded from Participating in Any Manner That Violates Her Duty of Confidentiality and the Attorney-Client Privilege.

"Few precepts are more firmly entrenched than that the fiduciary relationship between attorney and client is of the very highest character." *Elan,* 809 F. Supp. at 1387 (citing *People v. Thoi,* 213 Cal.App.3d 689, 699 (1989)). "It is the duty of an attorney to . . . maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." CALIFORNIA BUSINESS AND PROFESSIONS CODE § 6068(e)(1); *see also* CALIFORNIA RULES OF PROFESSIONAL CONDUCT ("CRPC") § 1.6 ("A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent"). If the nature of the prior representation is such that confidential information may have been disclosed, courts will conclusively presume such information was disclosed and disqualification is required. *Plumley v. Doug Mockett & Co.,* No. CV 04-2868GHK(EX), 2008 WL 5382269, at *2 (C.D. Cal. Dec. 22, 2008). "The effective functioning of the fiduciary relationship between attorney and client depends on the client's trust and confidence in counsel." *IPVX Pat. Holdings, Inc. v. 8x8, Inc., No.* 413CV01707SBAKAW, 2013 WL 6700303, at *2 (N.D. Cal. Dec. 19, 2013). Ms. Monroy cannot be allowed to participate in

the present action in any manner that would involve a breach of her confidentiality obligations to her former client.

Additionally, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent."  CRPC § 1.9.  "After termination of a lawyer-client relationship, the lawyer owes two duties to a former client.  The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship."  *Id.* Comment 1; *Elan,* 809 F. Supp. at 1387; *see also People ex rel. Deukmejian v. Brown*, 29 Cal. 3d 150, 155 (1981) (a lawyer "may not do anything which will injuriously affect [her] former client in any manner in which [s]he formerly represented [it]") (quoting *Wutchumna Water Co. v. Bailey*, 216 Cal. 564, 572, 15 P.2d 505, 508 (1932)).  This rule precludes a lawyer from "appear[ing] or acting" against the former client where she "can use, to the detriment of such client, the information and confidences acquired during the existence of their relation as attorney and client."  *Wutchumna Water,* 216 Cal. at 573(cleaned up).  Ms. Monroy's affidavit attempts to eviscerate PTC's trade secrets in this action by taking a position directly adverse to PTC.  Ms. Monroy's affidavit is unquestionably acting to the detriment of PTC.

Ms. Monroy spent a decade representing Edison/BioElectron with regard to their IP matters which relate to the trade secrets now at issue.  She seeks to use the knowledge and information she gained in that capacity against PTC.  The fact that Ms. Monroy has "retired" from the practice of law does not extinguish her duties of confidentiality under the CRPC.  "The duty of confidentiality continues ***so long as the lawyer possesses confidential client information***."  *See* RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS § 60 cmt. E (2000).  Nor does it make any difference that Ms. Monroy represented PTC's predecessor in interest, as opposed to PTC.  *See Greer v. County of San Diego,* 127 4th 1216, 1224 (*quoting U.S. v Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010)) (concerning establishment of the attorney-client privilege); and *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985); *Moeller v. Superior Court*, 16

Cal. 4th 1124, 1136-37 (1997)*; Dickerson v. Superior Court*, 135 Cal. App. 3d 93, 98-99 (Cal. App. 3d 1982); *N. Pacifica, LLC v. City of Pacifica*, 335 F. Supp. 2d 1045 (N.D. Cal. 2004); CAL. EVID. CODE § 953(d) (all concerning succession of privilege).

It is precisely *because* Ms. Monroy possesses PTC's confidential information that is material to the allegations of trade secret misappropriation that she participates in the action.  Ms. Monroy made clear that she advised PTC's predecessor "on all their IP matters, including ***patent filings for compositions and methods that allegedly constitute trade secrets in this case***." MONROY AFF. at ¶ 5 (emphasis added).  Ms. Monroy further made clear that she worked "with Dr. William Shrader" "who has the head of research and development at Edison/BioElectron" during her time as IP counsel.  *Id.* at ¶ 6.  And Ms. Monroy states that her opinion is not based on merely training and experience—but "***having advised Edison/BioElectron with regards to their IP*** . . . .").  *Id.* at ¶ 17 (emphasis added).  The Court should not allow Ms. Monroy to participate as expert, counselor, advisor, consultant, or in any other fashion that impermissibly leverages those confidences against PTC.

### D.    Cotchett, Pitre & McCarthy, LLP Should be Disqualified.

Courts in California have developed the "'substantial relationship' test, under which actual possession of confidential information is not required for an order of disqualification where there is a 'substantial relationship' between the current and former representations." *Elan,* 809 F. Supp. at 1388.  Disqualification due to successive representations of clients with adverse interests is required where there is a "substantial relationship" between the subjects of the antecedent and current representations.  *ESC-Toy Ltd. v. Sony Interactive Ent. LLC*, No. 21-CV-00778-EMC, 2024 WL 1335079, at *7 (N.D. Cal. Mar. 27, 2024).  A substantial relationship is shown "if the factual contexts of the two representations are similar or related."  *Id.* (citing *Trone v. Smith,* 621 F.2d 994, 998 (9th Cir. 1980)).  Court must presume a substantial relationship, however, even if the facts are not substantially related, "[i]f there is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation.  *Id*. at 1389.

"If a substantial relationship is established, the discussion should ordinarily end.  The rights and interests of the former client will prevail. Conflict would be presumed; disqualification will be ordered." *Rosenfeld Constr. Co. v. Superior Ct.*, 235 Cal. App. 3d 566, 575(Ct. App. 1991

1    Here, there is more than a "substantial relationship."  Ms. Monroy spent a decade representing

2    Edison/BioElectron concerning the trade secrets that are at issue in the present action.

3         "A lawyer may not, absent a written waiver, accept employment adverse to the former

4    client on a matter substantially related to the prior representation."  *Plumley,* 2008 WL 5382269,

5    at *2.  "When a lawyer is disqualified due to a conflict of interest, that conflict is typically imputed

6    to the entire firm."  *Id.; see also Plumley,* 2008 WL 5382269, at *2. While firmwide vicarious

7    disqualification can be avoided if the disqualified individual is "screened," Ms. Monroy has

8    already disclosed such information to defense counsel. Ms. Monroy reviewed the redacted

9    information in PTC's Complaint regarding the trade secrets.  It defies logic to suggest that she did

10   not discuss these trade secrets with the other attorneys of record at CPM as shown in Defendant's

11   Motion to Unseal. *See* ECF No. 33 at 3:19-5:11.

12        When an attorney is prohibited from sharing their client's confidential information, their

13   law firm is presumed to possess the same confidential information as the attorney, imputing the

14   attorney's conflict to the entire firm.  *ESC-Toy,* 2024 WL 1335079, at *8 (N.D. Cal. Mar. 27,

15   2024) citing *Advanced Messaging Techs., Inc. v. EasyLink Services Intern. Corp.*, 913 F.Supp.2d

16   900, 909 (C.D. Cal. 2012).  Ms. Monroy's knowledge of PTC's privileged and confidential

17   information is imputed to CPM. *See Google LLC v. NAO Tsargrad Media,* No. 5:24-CV-05423-

18   EJD, 2024 WL 4844799, at *7 (N.D. Cal. Nov. 19, 2024) (*citing Kane v. Chobani,* No. 12-cv-

19   02425, 2013 WL 3991107, at *7-8 (N.D. Cal. Aug. 2, 2013)) ("courts have the power to disqualify

20   a firm for having contacts with conflicted, non-lawyer experts"); *see also Take2 Techs. Ltd. v.*

21   *Pac. Biosciences of California Inc.*, No. 5:23-CV-04166-EJD, 2023 WL 7346246, at *2-6 (N.D.

22   Cal. Nov. 6, 2023). Ms. Monroy's knowledge about PTC's trade secrets were gained from her

23   role as counsel for Edison/BioElectron.  This information was necessarily shared with CPM to

24   draft her affidavit.  CPM must be disqualified.

**IV.    CONCLUSION**

25        For the reasons explained above, Plaintiff respectfully requests that Ms. Monroy be

26   disqualified from serving as an expert witness in the Instant Action, that her affidavit be stricken

27

28

1    from the record, that she be barred from participating in the Instant Action in any capacity, and

2    that CPM be disqualified in the Instant Action.

3

4

5    Dated: August 19, 2025                    POLSINELLI LLP

6                                              */s/ Colby B. Springer*

7                                              Colby B. Springer (SBN  214868)
                                               cspringer@polsinelli.com
8                                              Iqra Iqbal (SBN 353064)
                                               iiqbal@polsinelli.com
9                                              3 Embarcadero Center, Suite 2400
                                               San Francisco, CA 94111
10                                             Telephone: (415) 248-2100

11

12                                             MONTGOMERY McCRACKEN
                                                 WALKER & RHOADS LLP
13
                                               */s/ A. Spencer Osborne*
14                                             John J. Powell (*pro hac vice*)
                                               jpowell@mmwr.com
15                                             Steven Pachman (*pro hac vice*)
                                               spachman@mmwr.com
16                                             A. Spencer Osborne (*pro hac vice*)
                                               sosborne@mmwr.com
17                                             1735 Market Street
                                               Philadelphia, PA 19103
18                                             Telephone: (215) 772-7492

19                                             *Attorneys for Plaintiff PTC Therapeutics, Inc.*

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISQUALIFY
Case No. 3:25-cv-04594