UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PTC THERAPEUTICS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ACUREX BIOSCIENCES CORPORATION, et al.,<br><br>    Defendants. | Case No. 25-cv-04594-AMO<br><br>**ORDER DENYING MOTION TO SHORTEN TIME; RE-SETTING HEARING ON MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 44 |

Plaintiff PTC Therapeutics, Inc. seeks to shorten time on the briefing and hearing schedule for its motion to disqualify a defense expert and defense counsel, which it filed on August 19, 2025 and improperly noticed for hearing on September 4, 2025. ECF 45. The circumstances set forth in the motion to shorten time do not justify the accelerated schedule PTC requests. *See* Civil L.R. 6-3 (requiring moving party to, among other things, "[s]et[] forth with particularity the reasons for the requested . . . shortening of time" and "[i]dentif[y] the substantial harm or prejudice that would occur if the Court did not change the time"). The Court therefore **DENIES** the request to accelerate the briefing and hearing schedule on the motion. The briefing schedule remains as set, in accordance with Civil Local Rule 7-3.[1] However, because the disqualification issue should be decided before resolving the pending motion to dismiss or holding a case management conference in this action, the Court **VACATES** those settings and the early case

---

[1] Court staff received an email from Defendants on August 20, 2025, indicating that they would be filing an objection to the motion to shorten time that day, and seeking clarification of the briefing schedule on the motion to disqualify. Counsel shall refrain from contacting court staff in a similar fashion in the future. There is no need to email court staff to state the intention to file something on the docket, and there is no need to seek clarification when both the docket and a local rule clearly lays out the applicable briefing schedule.

deadlines that lead up to the case management conference, *see* ECF 7, pending resolution of the motion to disqualify, which is **HEREBY RE-SET** for hearing on November 20, 2025. The Court will re-set the hearing on the motion to dismiss and the case management conference and related deadlines once the motion to disqualify is resolved.

Should the parties wish to proceed more expeditiously, the parties are reminded that they have the option to consent to magistrate judge jurisdiction. The parties may consent at any time to reassignment of the case to a magistrate judge of their choice, for all purposes, including entry of final judgment. *See* Civil L.R. 73-1(b). That one party refused to consent to a magistrate judge assigned off-the wheel does not foreclose a different magistrate judge assignment. The magistrate judges in this district carry significant consent loads, and hail from elite legal institutions. *See https://cand.uscourts.gov/judges/*.

If the parties wish to proceed before a magistrate judge, each party must file a consent form, available at https://www.cand.uscourts.gov/ mj_consent-declination_form_10-2020/, by no later than September 4, 2025.

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2