UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PTC THERAPEUTICS, INC.,

Plaintiff,

v.

ACUREX BIOSCIENCES
CORPORATION, et al.,

Defendants.

Case No.  25-cv-04594-AMO

**ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION**

Re: Dkt. No. 68

On November 26, 2025, the Court denied Plaintiff PTC Therapeutics, Inc.'s ("PTC") motion to disqualify Dr. Gladys Monroy as well as counsel for Defendants, Cotchett, Pitre & McCarthy, LLP.  Dkt. No. 66.  Thereafter, PTC sought leave to file a motion for reconsideration of that decision.  Dkt. No. 68.  The Court permitted Defendants to file an opposition brief of no more than eight pages, addressing the arguments raised in PTC's motion.  Dkt. No. 69. Defendants timely submitted their opposition on January 7, 2026.  Dkt. No. 70.

Having reviewed the parties' submissions, and the relevant legal authority, the Court **DENIES** the motion for leave to file a motion for reconsideration.

Civil Local Rule 7-9 governs PTC's motion.  The Rule provides that the moving party must "show reasonable diligence in bringing the motion and one of the following:"

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  PTC appears to rely on 7-9(b)(3) as the basis for its motion, arguing a manifest failure by the Court to consider Delaware law in adjudicating the motion to disqualify.  Dkt. No. 68 at 10-14.  Indeed, PTC argues the Asset Purchase Agreement between BioElectron and PTC is governed by *Delaware* law, and the Court's November 26 Order determined the validity of certain provisions of that contract under *California* law.  This argument is unavailing.

Critically, PTC does not consider the full text of Local Rule 7-9(b)(3)—it must show a manifest failure by the Court to consider facts or arguments "***which were presented to the Court before such interlocutory order***."  Civ. L.R. 7-9(b)(3) (emphasis added).  PTC did not raise any issues of Delaware law in its motion or reply brief, nor did counsel even allude to such issues during oral argument.  Ultimately, whether Delaware law should govern the transfer of attorney-client privilege between BioElectron and PTC is a novel question presented for the first time in PTC's motion for leave to file a motion for reconsideration.  A motion for leave is not the proper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations and citation omitted).  Because PTC did not raise these arguments prior to the November 26 Order, this is not a valid basis for reconsideration.

In support of its motion, PTC contends the Court raised the issue of the Asset Purchase Agreement's provisions *sua sponte*.  Dkt. No. 68 at 6.  To wit, PTC had no reason to discuss Delaware law in its briefing because the Agreement's transfer of privilege was not at issue until the hearing.  That is not so.  For instance, PTC cited various California cases when arguing the attorney-client privilege between Dr. Monroy and BioElectron passed to PTC.  *See* Dkt. No. 45 at 10-11 (citing *Moeller v. Superior Court*, 16 Cal. 4th 1124 (1997), and *Dickerson v. Superior Court*, 135 Cal. App. 3d 93 (1982)).  Further, in opposing the motion, Defendants cited *Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189 (2010)—the case which controlled the Court's analysis in the November 26 Order.  Dkt. No. 57 at 10.  PTC did not even address the case in its reply brief.  Moreover, in that reply, PTC responded to Defendants' arguments about the

*United States District Court
Northern District of California*

transfer of privilege under the Agreement and still did not raise any issue as to choice-of-law or the propriety of applying Delaware law. *See* Dkt. No. 60 at 4 ("Defendants complain that PTC 'has not cited any case . . . that holds an asset purchaser to be a successor to an attorney-client privilege held by the asset seller.' Defendants are incorrect and such cases are numerous." (internal citation omitted).) Not only was the transfer of privilege argued in the briefing, it was a central dispute between the parties. The time to raise this choice-of-law argument was then, not now.

Accordingly, the Court DENIES PTC's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: January 29, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3