UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PTC THERAPEUTICS, INC.,

Plaintiff,

v.

ACUREX BIOSCIENCES
CORPORATION, et al.,

Defendants.

Case No.  25-cv-04594-AMO

**ORDER RE PLAINTIFF'S MOTION
FOR INTERLOCUTORY APPEAL**

Re: Dkt. No. 87

PTC Therapeutics, Inc. ("PTC") bring this suit alleging Defendants AcureX Biosciences Corporation ("AcureX"), Dr. William Shrader, and Dr. Sean Pintchovski misappropriated trade secrets regarding treatment of certain neurodegenerative diseases.  On November 26, 2025, the Court denied PTC's motion to disqualify Dr. Gladys Monroy, who submitted an expert declaration in support of Defendants' motion to dismiss. Dkt. No. 66.  PTC sought reconsideration of the Court's order denying the motion to disqualify, which the Court denied.  Dkt. No. 84.  Now pending before the Court is PTC's motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No.  87.  Defendants oppose.  Dkt. No. 90.

PTC requests certification of the following question:

> Whether California law—which gives controlling effect to the parties' mutual intent—permits the transfer of a seller's attorney-client privilege in a corporate asset sale of substantially all assets where the parties' contract expressly shows their intent to transfer the attorney-client privilege and the control of the seller's business operations?

Dkt. No. 87 at 2.  Further, Defendants request a stay of proceedings pending resolution of the appeal. *Id*. at 25.   Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Having reviewed the

parties' submissions, and the relevant legal authority, the Court **DENIES** the motion.

**LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), the Court may certify an appeal of an interlocutory order when it: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and as such requires "exceptional circumstances." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). "As to the timing of certification, the district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order." *Id.* at 1131 (citation omitted). PTC's motion, if granted, would entail proceeding by the latter approach.

**DISCUSSION**

The Court's November 26 Order held, per *Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 219 (2010), that the asset transfer between BioElectron and PTC did not effect a transfer of BioElectron's attorney-client relationship with Dr. Monroy. *PTC Therapeutics, Inc. v. AcureX Biosciences Corp.*, No. 25-CV-04594-AMO, 2025 WL 3295327, at *4 (N.D. Cal. Nov. 26, 2025).

PTC requests certification of an appeal of the November 26 Order because it presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These three statutory requirements are conjunctive, meaning absence of any one precludes interlocutory appeal. Therefore, the Court addresses only whether the November 26 Order involves "a controlling question of law," as the matter may be resolved on that question alone.

Under the first of the Section 1292(b) elements, PTC must establish the Order presents "[a] controlling question of law" and not a question of fact. *ICTSI Oregon, Inc.*, 22 F.4th at 1130. A "controlling question of law" need not terminate the litigation should the district court order be

United States District Court
Northern District of California

2

reversed. *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (subsequent history omitted). Rather, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id*. Here, PTC has not shown the November 26 Order implicates a controlling question of law.

PTC contends the question subject to certification is a narrow legal one: "The question sought to be certified asks whether *California law* (not Delaware law) permits the transfer of a seller's attorney-client privilege in a corporate asset sale of substantially all assets, including all assets necessary to control the seller's business operations." Dkt. No. 95 at 3 (emphasis in original). At bottom, PTC challenges whether *Favila* is good law. Indeed, by applying *Favila*, PTC asserts this Court is the first in California to hold "parties to a corporate asset sale cannot transfer the attorney-client privilege by express written agreement." *Id*. This argument rings hollow considering PTC did not advance such arguments through briefing on the motion to disqualify, nor even mention *Favila*, despite Defendants' reliance on the case in opposing the motion. Certification under Section 1292(b) requires "exceptional circumstances," *ICTSI Oregon, Inc.*, 22 F.4th at 1130, and is not appropriately deployed as an end run around PTC's failure to raise certain arguments in its briefs.

Nevertheless, even on the merits, the November 26 Order does not satisfy the Section 1292(b) elements because resolution of PTC's question would not "materially affect the outcome of litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. PTC sought to disqualify Dr. Monroy, and by extension, Cotchett, Pitre & McCarthy, LLP ("CPM"), based on Dr. Monroy's affidavit submitted in support of Defendants' motion to unseal the Complaint. *PTC Therapeutics, Inc*, 2025 WL 3295327, at *1. The Court denied that motion. Dkt. No. 88. So, whether Dr. Monroy should have been disqualified—and her affidavit stricken—is irrelevant, given the Court ultimately resolved the motion in PTC's favor. As for disqualification of CPM, PTC has supplied no authority indicating change of counsel would constitute a material effect on the outcome of litigation, especially since it does not bear on any substantive legal issue going to PTC's causes of action. Accordingly, the Court does not find the November 26 Order involves a "controlling

3

United States District Court
Northern District of California

question of law," and thus certification of an interlocutory appeal is not warranted.

In response, PTC argues "the Ninth Circuit in fact welcomes 'interlocutory review of privilege issues.'" Dkt. No. 95 at 4 (citing *Middlesex County Retirement System v. Semtech Corp.*, No. 07-7114-CAS, 2010 WL 11523599, at *2-3 (C.D. Cal. May 17, 2010)). However, all of PTC's cited authority involves disputes about disclosure of privileged information in discovery. *See Middlesex Cnty. Ret. Sys.*, 2010 WL 11523599, at *2 (regarding access to privileged materials and work product in a securities class action); *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) (resolving an interlocutory appeal involving deposition questions where the deponent was asked to reveal communications with an attorney); *In re Boileau*, 736 F.2d 503, 505 (9th Cir. 1984) (resolving interlocutory appeal regarding whether a court-appointed bankruptcy examiner had authority to waive privilege as to certain documents). None of those cases considered disputes about: 1) the transfer of privilege, 2) when there was no identified threat of disclosure of privileged information, and 3) the underlying motion had already been resolved in the appellant's favor. On this showing, the Court is not persuaded to exercise its discretion to certify an interlocutory appeal.

## CONCLUSION

For these reasons, PTC's motion to certify the November 26 Order for interlocutory appeal is **DENIED**. Further, PTC's motion to stay the case pending appeal is similarly **DENIED**.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4